## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Linda Slack, | : | Case No. 1:08CV2380 |
| | : | |
| Plaintiff | : | Judge John R. Adams |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendant | : | |

This Court sees no need for an extensive discussion of the facts or law in this action brought under 42 U.S.C. §405(g) seeking judicial review of the defendant's final determination denying the plaintiff's claim for disability insurance benefits (DIB), 42 U.S.C. §§416, 423, as this Court considers the argument advanced on her behalf on this appeal to be devoid of merit.

On June 5, 2006 the plaintiff applied for DIB and for supplemental security income (SSI), 42 U.S.C. §1381 et seq., in each application alleging an onset date of disability of March 1, 2003,.

Plaintiff's right to benefits under both programs is dependent upon a showing that she is disabled, as that term is defined in the Social Security Act. Disability is "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for not less than 12 months." 42 U.S.C. §§423(d)(1), 1383c(a). The programs differ with regard to other qualifying criteria. The disability benefits statute requires "fully insured" status, which focuses on the period of time the claimant has worked while covered by Social Security. The SSI

program focuses on income and resources as basic eligibility factors.

The plaintiff's fully insured status expired on September 30, 2003.  Therefore, in order to be entitled to an award of DIB it was incumbent upon her to prove disability arising after her claimed onset date of March 1, 2003 but no later than September 30, 2003.  She remained eligible for SSI if she was disabled as of the date of application or became disabled at any time thereafter.

Upon denial of the plaintiff claims at the state agency level the plaintiff requested de novo review by an Administrative Law Judge (ALJ), and an evidentiary hearing pursuant thereto was held on March 19, 2008.

On June 24, 2008 the ALJ entered a partially favorable decision, which stands as the defendant's final determination consequent to denial of review by the Appeals Council entered on September 26, 2008.  In his decision the ALJ found that the plaintiff was disabled as of June 5, 2006, but not prior thereto.  As a consequence he denied her claim for DIB, while awarding SSI based upon that onset date.

On this appeal it is argued that the ALJ erred in not finding the plaintiff disabled as of her claimed onset date.  The basis of this argument is that the plaintiff's treating physician, Dr. Scott Feudo, found that she was suffering from depression as of January 9, 2001.

There are several flaws in this position.

First, the evidence relied upon is a patient note entered January 9, 2001, which reads in full:

> 1/9/01 Linda Slack
> CC:     Here for f/u of depression.
>
> HPI: The patient reports a h/o depressed mood, insomnia, decreased ability to concentrate, fatigue, intermittent crying spells, and decreased appetite for several weeks prior to 1/1/01.  The patient reports progressive worsening of her symptoms in the few days before 1/1/01.  The patient was started on Clexa 10 mg po qd approx.

>    10 days ago. Since then, the patient reports resolution of her crying
>    spells. She reports no significant change in the above-mentioned
>    symptoms. Thee are no other associated symptoms.

That is the only reference in the medical records of Dr. Feudo in evidence to the plaintiff being depressed, hardly evidence of a debilitating mental impairment existing no later then September 30, 2003.

Further, that patent note was entered over two years before the date the plaintiff alleged she became disabled.

Next, at the <u>de novo</u> evidentiary hearing virtually the entire focus of the plaintiff's testimony was on physical factors. The only mention of depression at that hearing was as follows:

>    Q.  [ALJ] When did you first notice that you were depressed?
>
>    A.  For a couple of years now.
>
>    Q.  Last few years?
>
>    A.  Yes.
>
>    Q.  Last two or three years?
>
>    A.  Yes.
>
>    Q.  And you're currently being treated for your depression?
>
>    A.  Yes.

The "last two or three years" from the time of the hearing would date back to 2005 at the earliest, not 2003.

Most importantly, the ALJ's determination that the plaintiff became disabled as of June 5, 2006 was primarily based upon evidence of a deterioration in her physical condition as of that time, although he also noted evidence that her depression had worsened, specifically finding that a

3

consultative psychological evaluation conducted in February 2007 reflected such worsening.

This Court concluding that the contention that a single reference in a patient note entered more than two years before the date the plaintiff alleged she became disabled proves that she was disabled as of September 30, 2003 is completely without merit, it is recommended that final judgment be entered in defendant's favor.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:  August 14, 2009

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).