ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LINDA SLACK, | ) | CASE NO. 1:08CV2380 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| MICHAEL J. ASTRUE, | ) | <u>AND ORDER RE: AFFIRMING</u> |
| COMMISSIONER OF SOCIAL | ) | <u>COMMISSIONER'S DECISION</u> |
| SECURITY, | ) | [RESOLVING DOC. 17] |
| | ) | |
| Defendant. | ) | |

The Social Security Administration denied plaintiff's application for disability insurance (DIB) and granted plaintiff's application for supplemental security income (SSI) benefits in the above-captioned case. The claimant sought judicial review of the Commissioner's decision regarding denial of the period of disability and the claim for DIB, and this Court referred the case to Magistrate Judge David S. Perelman for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the Magistrate Judge submitted a Report and Recommended Decision (Doc.16) recommending that the Commissioner's decision regarding the period of disability and the claim for DIB be affirmed.

I

When the Magistrate Judge submits a Report, this Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b). Objections to the Report must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supported the

Commissioner's decision.  This Court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the Administrative Law Judge ("ALJ").  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently.  *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  This "standard allows considerable latitude to administrative decision makers.  It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992) (internal quotation omitted).  The court must also consider whether the Commissioner employed the proper legal standards.  *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity

2

due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

II

The Court has reviewed the Report and Recommended Decision of the Magistrate Judge *de novo*. The Court has also considered plaintiff's Objections (Doc. 17) and defendant's Response (Doc. 18). The Court agrees with the Magistrate Judge that the administrative record contains substantial evidence to support the conclusion that the plaintiff's disability onset date did not precede the date she was last insured for benefits (hereinafter "DLI").

In each application for benefits, the plaintiff alleged an onset date of disability of March 1, 2003. The DLI was September 30, 2003. In order to qualify for DIB, the plaintiff was required to show that she became disabled on or after March 1, 2003, but no later than September 30, 2003. *See* 42 U.S.C. § 423(a)(1)(A); 20 C.F.R. § 404.131; *Higgs v. Bowen*, 880 F.2d 860 (6th Cir. 1988). The ALJ found that the plaintiff was disabled as of June 5, 2006, but not prior thereto. The medical evidence showed that plaintiff's physical condition had deteriorated by that time and that her depression had worsened not long after, as demonstrated by a consultative psychological examination performed in February 2007.

Plaintiff requests that the Court reverse the Commissioner's decision that the plaintiff is not entitled to an additional period of disability and DIB; and issue a remand order requiring the

3

ALJ to follow Social Security Ruling ("SSR") 83-20[1] and to call on the services of a medical advisor to assist in inferring an onset date.

The only medical evidence the plaintiff produced concerning her treatment for depression prior to her DLI was one page of records from her family physician, Dr. Scott Feudo. Dr. Feudo saw the plaintiff on January 9, 2001 for a follow-up visit. Dr. Feudo found that the plaintiff was suffering from depression at that time. Tr. 256, Ex. 11F. The notes from the office visit further provide:

> The patient reports a h/o depressed mood, insomnia, decreased ability to concentrate, fatigue, intermittent crying spells, and decreased appetite for several weeks prior to 01/01/01. The patient reports progressive worsening of her symptoms in the few days before 01/01/01. The patient was started on Celexa 10 mg po qd approx. 10 days ago. Since then, the patient reports resolution of her crying spells. She reports no significant change in the above-mentioned symptoms. There are no other associated symptoms.

*Id.*

Furthermore, the plaintiff's own unambiguous account of her history of depression further supports the ALJ's finding. At the hearing held on March 19, 2008, the plaintiff testified as follows in response to questions from the ALJ:

Q. When did you first notice that you were depressed?

A. For a couple of years now.

Q. Last few years?

A. Yes.

Q. Last two or three years?

A. Yes.

---

[1]SSR 83-20, available at http://www.socialsecurity.gov/OP_Home/rulings/di/01/SSR83-20-di-01.html.

> Q. And you're currently being treated for your depression?
>
> A. Yes.

Tr. 61. As properly noted by the Magistrate Judge, the "[l]ast two or three years" from the time of the hearing would mean that the plaintiff herself did not notice that she was depressed until approximately 2006 or 2005 at the earliest, two to three years after her DLI.

Finally, SSR 83-20 recognizes that an ALJ should call on the services of a medical expert when he has to infer the onset date of disability. However, SSR 83-20 contemplates calling a medical expert when "there is no development of the medical record on which the ALJ can rely to ascertain onset." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). This is not the case here. Plaintiff's record of minimal treatment for depression was developed and the record is not ambiguous. Moreover, the decision to use a medical expert is discretionary. The ALJ was well within his discretion in not calling on a medical expert, given the unambiguous evidence showing that plaintiff's depression was not severe prior to her DLI. 20 C.F.R. § 404.1527(f)(2)(ii).

### III

Accordingly, the Report and Recommendation of the Magistrate Judge is hereby adopted and the plaintiff's Objections are overruled. The decision of the Commissioner is affirmed. Judgment will be entered in favor of the defendant.

IT IS SO ORDERED.

| January 29, 2010 | */s/ John R. Adams* |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |